Andrew J. Sommer, State Bar No. 192844
CONN MACIEL CAREY LLP
870 Market Street, Suite 1111
San Francisco, California 94102
Telephone: (415) 268-8881
Facsimile: (415) 268-8881
asommer@connmaciel.com

Kara M. Maciel, Admitted *Pro Hac Vice*
CONN MACIEL CAREY PLLC
5335 Wisconsin Avenue, NW
Suite 660
Washington, DC 20015
Telephone: (202) 909-2730
Facsimile: (202) 827-7904
kmaciel@connmaciel.com

Attorneys for Defendant,
SHAMROCK FOODS COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHAMROCK FOODS COMPANY, INC., an Arizona Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 5:15-cv-636 VAP-SP<br><br>**APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANT SHAMROCK FOODS COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:           February 29, 2016<br>Time:           2:00 P.M.<br>Court Room:  2<br>Judge:          Hon. Virginia A. Phillips<br><br>Removal Filed:  April 2, 2015<br>Trial Date:        April 19, 2016 |

TO: PLAINTIFF, PAUL REIF, AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that pursuant to Local Rules 79-5.2.2, the Central District of California Pilot Program for filing under seal, and the Protective Order previously entered in

this case, Defendant Shamrock Foods Company ("Defendant" or "Shamrock") respectfully moves this Court to permit the filing under seal of certain documents in support of its Motion for Summary Judgment, or in the alternative, Partial Summary Judgment.

On September 25, 2015, the Court granted the Parties' Stipulated Protective Order as to Confidential Information ("Protective Order"), which was entered into to protect confidential and proprietary information to be exchanged during discovery and trial in this case. ECF Doc. No. 24. The Parties negotiated the information contained in the Protective Order and each consented to its entry. ECF Doc. No. 23.

The Protective Order permits any party producing documents to identify those documents as Confidential if the producing party believes the documents are entitled to confidential treatment under applicable legal principle. ECF Doc No. 24, ¶ 1(a). The Protective Order also provides that depositions and documents may be designated as Confidential, and that any Confidential Information, documents or materials that are marked as exhibits, shall be treated as Confidential Information. ECF Doc. No. 24, ¶ 5.2(b) and (d).

The Stipulated Protective Order provides that any document designated Confidential should be filed under seal with the Court with an Application For Leave to File Under Seal pursuant to Civil Local Rule 79-5.2.2 and the Central District of California Pilot Program Procedures for filing under seal. ECF Doc No. 24, ¶ 1.

During the course of the litigation, Defendant has produced documents it has identified as Confidential, which includes a great deal of Shamrock's technical, confidential, and proprietary information. In keeping with the terms of the Protective Order and balancing the public's historic right of access, Defendant files this Application For Leave to File Under Seal the following exhibits and deposition excerpts in support of its Motion for Summary Judgment/Partial Summary Judgment, which have been designated as "Confidential" subject to the Protective Order in this case.

- Exhibit A (2/11/13 email with third party vendor regarding margarine), Declaration of David Cloud;
- Exhibit A (sales budget) and Exhibit B (sales report identifying customers),

1       Declaration of Chris Jenkins;

2  - Exhibit 21 (sales budget) and Exhibit 24 (2/11/13 email with third party vendor
3    regarding margarine), Deposition of Paul Reif (Ex. B to Declaration of Andrew J.
4    Sommer in Support of Summary Judgement Motion ("Sommer Dec.");

5  - Deposition of Alan Heitkampt (Ex. C to Sommer Dec), 35:16-36:16 (specific
6    internal procedures for monitoring shipments of products).

7       Declaration of Andrew J. Sommer in Support of Defendant Shamrock Foods Company's
8  Application to File Certain Documents Under Seal ("Sommer Dec"), ¶¶ 3-6.

9       The exhibits and deposition excerpts are confidential and, if disclosed, would provide
10 Shamrock's competitors insight into its confidential customers and business practices as well as
11 trade secrets.  The court may issue orders limiting disclosure of trade secrets "or other
12 confidential research, development, or confidential information"  Fed.R.Civ.P. 26(c); see
13 *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 FRD 552, 555, fn. 4 (CD CA
14 2007)(customer/supplier lists and sales and revenue information qualify as "confidential
15 commercial information"); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir.
16 2011)(safeguarding trade secrets overcomes presumption against seeking order).

17      Defendant believes that any alternatives to sealing would not provide it with sufficient
18 protection, since these documents would otherwise be filed through the electronic case filing
19 system and therefore confidential information regarding its practices and procedures would be
20 available to the public at large. Sommer Dec., ¶¶ 7,8.

21      Wherefore, the above reasons considered, Defendant respectfully requests that the Court
22 grant its Application for leave to file the above referenced exhibits under seal, and further permits
23 the Clerk of the Court to return to counsel or destroy any sealed material at the end of the
24 litigation.

25 DATED:   January 28, 2016              CONN MACIEL CAREY LLP

26                                        By:   /s/ Andrew J. Sommer
27                                        Andrew J. Sommer
                                          Attorneys for Defendant
28                                        SHAMROCK FOODS COMPANY

3