Andrew J. Sommer, State Bar No. 192844
CONN MACIEL CAREY LLP
870 Market Street, Suite 1111
San Francisco, California 94102
Telephone: (415) 268-8881
Facsimile: (415) 268-8881
asommer@connmaciel.com

Kara M. Maciel, Admitted *Pro Hac Vice*
CONN MACIEL CAREY PLLC
5335 Wisconsin Avenue, NW
Suite 660
Washington, DC 20015
Telephone: (202) 909-2730
Facsimile: (202) 827-7904
kmaciel@connmaciel.com

Attorneys for Defendant,
SHAMROCK FOODS COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHAMROCK FOODS COMPANY, INC., an Arizona Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 5:15-cv-00636 VAP-SP<br><br>**DEFENDANT SHAMROCK FOODS COMPANY'S NOTICE OF MOTOIN AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:   February 29, 2016<br>Time:   2:00 P.M.<br>Court:   2<br>Judge:   Hon. Virginia A. Phillips<br><br>Removal Date:   April 7, 2015<br>Trial Date:   May 17, 2016 |

TO PLAINTIFF PAUL REIFAND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 29, 2016, at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at

3470 Twelfth Street Riverside, CA 92501, in the courtroom of Honorable Virginia A. Phillips, Defendant Shamrock Foods Company ("Defendant") will and hereby does move the Court for Summary Judgment, or in the alternative, Partial Summary Judgment on the ground that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law in its favor and against Plaintiff Paul Reif ("Plaintiff) for the reasons that:

1.      Plaintiff's first cause of action for wrongful termination in violation of public policy fails because a) Plaintiff did not engage in protected activity, as he never complained about any alleged violation of the Family and Medical Leave Act ("FMLA") or the California Family Rights Act ("CFRA"), and there is no underlying violation of law or causal connection to support a wrongful termination claim; b) Plaintiff neither complained that Defendant was violating the law nor had a reasonable, good faith belief that Defendant was violating the law when he inquired into the availability of zero trans-fat margarine for Defendant's customers, and Plaintiff cannot establish a causal connection between his concern about the sale of trans fat margarine and the termination decision; c) Plaintiff did not have a reasonable, good faith belief that delivering dishwasher soap and cleaning products to a customer violated the law, and Plaintiff presents no evidence to show that the termination decision was motivated by his displeasure about delivering the products; and d) Plaintiff did not engage in protected activity when he requested that Defendant not charge him a floating holiday on a day he was working and Plaintiff presents no evidence to show that he termination decision was motivated by this request.

2.      Plaintiff's second cause of action for retaliation in violation of the FMLA, which is properly analyzed as an interference claim in the Ninth Circuit, fails because Plaintiff did not provide Defendant sufficient notice of his intent to take FMLA-qualifying leave simply by taking the remainder of the day off because his daughter was diagnosed with a medical condition and returning to work the very

2

1   next day.  Even if Plaintiff did provide sufficient notice of his intent to take FMLA

2   leave, Plaintiff's retaliation claim fails because he cannot demonstrate that his

3   alleged request was used as a negative factor in the decision to terminate him.

4        3.    Plaintiff's third cause of action for retaliation in violation of the CFRA

5   fails because Plaintiff cannot show that he requested CFRA-qualifying leave or any

6   causal link between his alleged request for CFRA-qualifying leave and the

7   termination decision.  The termination decision was made prior to Plaintiff

8   disclosing his daughter's condition.

9        4.    Plaintiff's fourth cause of action for violation of California Labor

10   Code section 1102.5(c) fails because Plaintiff never refused to participate in

11   unlawful activity.  Plaintiff's concerns about whether Defendant's margarine

12   product met California standards and whether he should deliver cleaning products

13   to a customer do not amount to a refusal to participate in unlawful activity.

14   Plaintiff cannot demonstrate that Defendant's conduct was unlawful or that he

15   refused to participate in such conduct.  Similarly, Plaintiff's delivery of dishwasher

16   soap and a cleaning product to a customer per his manager's request does not

17   amount to a refusal to participate in unlawful activity.  Even if he had engaged in

18   protected activity, there is no causal connection between this episode and his

19   employment termination.  Lastly, Plaintiff's request not to be charged a floating

20   holiday on a day in which he worked does not amount to protected activity because

21   he never expressed a belief that Defendant violated the law.  Even if Plaintiff could

22   establish that he engaged in protected activity, Plaintiff cannot establish a causal

23   connection between his alleged refusal to participate in unlawful activity and the

24   termination decision.  Defendant terminated Plaintiff for a legitimate business

25   reason, namely his poor sales performance and failure to improve after several

26   warnings and being placed on a performance improvement plan.

27        5.    Plaintiff's fifth cause of action for intentional infliction of emotional

28   distress (IIED) is preempted by exclusive remedy provisions of the California

1    Workers Compensation Act.  Plaintiff's termination, which he alleges is in

2    retaliation of his complaint about Defendant's unlawful business practices and his

3    request for medical leave, is an inherent risk in the normal course of an employment

4    relationship.  Notwithstanding the exclusive remedy provisions of the Workers

5    Compensation Act, Plaintiff's IIED claim nonetheless fails because Defendant's

6    decision to terminate Plaintiff does not amount to extreme and outrageous conduct

7    that shocks the conscience.

8         6.    Plaintiff's sixth cause of action for failure to indemnify Plaintiff  for

9    property damage to Plaintiff's truck, pursuant to California Labor Code section

10   2802(a), fails because Plaintiff was sufficiently compensated for his automobile

11   expenses by Defendant's generous monthly allowance of $1,2500.00 for expenses

12   associated with using a personal vehicle for work.

13        7.    Plaintiff's seventh cause of action for violation of California Labor

14   Code section 224 for improperly deducting wages fails because Plaintiff does not

15   provide any evidence to support his claim that he was not deducted a floating

16   holiday on January 1, 2013.

17        8.    Plaintiff's eighth cause of action for violating California Labor Code

18   section 201, which requires payment of final wages upon termination, also fails

19   because he was not deducted a floating holiday on January 1, 2013, when he claims

20   not to have worked.

21        9.    Plaintiff's ninth cause of action for violation of California Labor Code

22   section 226, which requires employers to provide employees periodic wage

23   statements containing certain enumerated information, fails because Plaintiff cannot

24   identify any facts to support his claim.

25        This motion is based on this notice of motion and motion, the accompanying

26   memorandum of points and authorities, the declarations of Andrew J. Sommer,

27   Chris Jenkins, Monica Hergert and David Cloud, the separate statement of

28   undisputed facts, the pleadings and papers on file in this action, and upon such

1   other matters as may be presented to the Court at the time of the hearing.

2   DATED: February 1, 2015                    CONN MACIEL CAREY LLP

3

4                                    By:   /s/ Andrew J. Sommer

5                                          Andrew J. Sommer
                                           Attorneys for Defendant
6                                          SHAMROCK FOODS COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5