1  Andrew J. Sommer, State Bar No. 192844
   CONN MACIEL CAREY LLP
2  870 Market Street, Suite 1111
   San Francisco, California 94102
3  Telephone: (415) 268-8881
   Facsimile: (415) 268-8881
4  asommer@connmaciel.com

5  Kara M. Maciel, Admitted *Pro Hac Vice*
   CONN MACIEL CAREY PLLC
6  5335 Wisconsin Avenue, NW
   Suite 660
7  Washington, DC 20015
   Telephone: (202) 909-2730
8  Facsimile: (202) 827-7904
   kmaciel@connmaciel.com

9
   Attorneys for Defendant,
10 SHAMROCK FOODS COMPANY

11

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 PAUL REIF, an individual,                CASE NO. 5:15-cv-00636 VAP-SP

17              Plaintiff,                   **REPLY MEMORANDUM
                                             REGARDING DEFENDANT
18         v.                                SHAMROCK FOODS COMPANY'S
                                             MOTION FOR SUMMARY
19 SHAMROCK FOODS COMPANY,                   JUDGMENT, OR IN THE
   INC., an Arizona Corporation; and         ALTERNATIVE, PARTIAL
20 DOES 1 to 100, inclusive,                 SUMMARY JUDGMENT**

21              Defendants.
                                             Date:      February 29, 2016
22                                           Time:      2:00 P.M.
                                             Dept:      2
23                                           Judge:     Hon. Virginia A. Phillips

24                                           Removal Date: April 2, 2015
                                             Trial Date:   April 19, 2016
25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION...........................................................................................1

II.  LEGAL ARGUMENT ...................................................................................2

    A.   Summary Judgment Must Be Granted on Plaintiff's Second and Third Causes of Action under FMLA/CFRA ...................................................2

        1.   Mr. Reif Provides No Admissible Evidence Evidencing a Notice of Intent to Take FMLA-Qualifying Leave .................................2

        2.   It Remains Undisputed That Mr. Reif's Request for Time Off Was Not a Negative Factor in the Termination Decision ...........4

    B.   Summary Judgment Must Be Granted on Plaintiff's Fourth Cause of Action for Violation of Labor Code Section 1102.5(c)........................5

    C.   Summary Judgment Must Be Granted on Plaintiff's First Cause of Action for Wrongful Termination...........................................................7

    D.   Summary Judgment Must Be Granted on Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress.......................8

    E.   Summary Judgment Must Be Granted on Plaintiff's Sixth Cause of Action for Failure to Indemnify ............................................................8

    F.   Summary Judgment Must Be Granted on Plaintiff's Seventh, Eighth and Ninth Causes of Action for Labor Code Violation Based on the Alleged Deduction of a Floating Holiday...............................................9

    G.   Plaintiff's Request for Denial of Defendant's Motion, for the Purpose of Conducting Additional Discovery, Should Be Denied ....................9

        1.   Plaintiff Has Not Identified Any Specific Information that Is Essential to Opposing This Motion ...........................................10

        2.   Plaintiff Had Ample Time to Conduct Discovery....................11

III. CONCLUSION ...........................................................................................12

i

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990)  12

*California v. Campbell*, 138 F.3d 772 (9th Cir. 1998) ........................................... 10

*Casissa v. First Rep. Bank*, No. C 09-4129 CW, 201 U.S. Dist. LEXIS 103206
(N.D. Cal. July 24, 2012)........................................................................................ 5

*Castle v. Sepulveda*, No. C 12-2193 LHK (PR), 2013 U.S. Dist. LEXIS 43827
(N.D. Cal. Mar. 26, 2013) ...................................................................................... 11

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999) ................................... 3

*Hall v. Caruso*, No. 1:07-cv-1161, 2009 U.S. Dist. LEXIS 81709 (E.D. Cal.
Sept. 9, 2009) ......................................................................................................... 11

*Hentzel v. Singer Co.*, 138 Cal. App. 3d 290 (1982) ................................................ 8

*Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998) .............................................. 10, 11

*Mathews v. Orion HealthCorp Inc.*, No. C-13-04378 EDL, 2014 U.S. Dist. LEXIS
120916 (N.D. Cal. Aug. 27, 2014) ......................................................................... 7

*Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876 (2008) .................................... 8

*Morse v. ServiceMaster Glob. Holdings, Inc.*, No. C10-00628, 2011 U.S. Dist.
LEXIS 65769 (N.D. Cal. June 21, 2011) ............................................................ 8, 9

*Owen v. Macy's, Inc.*, 175 Cal. App. 4th 462 (2009) ............................................... 6

*Roberts v. McAfee, Inc.*, 660 F.3d 1156 (9th Cir. 2011) ....................................... 10

*Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) .............................. 6

*Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990) ..................................................... 12

*Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774 (1982) ........................................ 6

*Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991) ................................................. 11

<u>Statutes & Regulations</u>

Cal. Health & Safety Code § 1102.5(c) (2001) ................................................... 5, 6

Cal. Health & Safety Code § 114377 (2001) ........................................................ 5

Cal. Lab. Code § 224 (2001) ................................................................................. 6

Cal. Lab. Code § 1102.5(c) (2003) .................................................................... 1, 5

Cal. Lab. Code § 2802 (2003) ............................................................................... 2

29 C.F.R. § 825.302(c) (2013) .............................................................................. 3

ii

# I.    INTRODUCTION

In his Opposition, Mr. Reif fails to offer any evidence that would create a genuine dispute of material fact.  In his response to Defendant's Separate Statement of Undisputed Facts, he has either agreed that the facts are "undisputed" or offered statements unrelated to the subject matter that are not material and certainly do not raise a genuine dispute.  Mr. Reif has not offered any admissible evidence that contradicts Defendant's proffered facts, and, as such, these facts are deemed undisputed for purpose of this summary judgment motion.  *See* L.R. 56-3 and the Court's Standing Order (5:20-23).  Furthermore, Mr. Reif has provided a 24-paragraph declaration in support of his Opposition that contains pervasive evidentiary flaws and directly contradicts, without explanation, his prior deposition testimony and verified discovery responses.  *See* Defendant's Evidentiary Objections.

Based on the evidence properly before the Court, summary judgment should be granted on all claims.  Specifically, Mr. Reif cannot prove by admissible evidence that his request for time off on February 26, 2013 – the day after the termination decision and almost a month after he was placed on the performance improvement plan ("PIP") – was a negative factor in the termination decision.  Accordingly, summary judgment is proper on the second and third causes of action for retaliation under the FMLA/CFRA.

Additionally, summary judgment is warranted on his fourth cause of action for violation of Labor Code section 1102.5(c) based on the undisputed facts demonstrating that Mr. Reif did not engage in protected activity and the lack of any retaliatory motive.  Mr. Reif contends that he refused to participate in certain activity but he consistently fails to demonstrate that such activity was actually unlawful.  Likewise, summary judgment should be granted on his first cause of action for wrongful termination.  Mr. Reif contends that he has "blown the whistle" on the Company's business practices, but he has not shown that he had a reasonable

1

belief that such business practices violated the law.

The sixth cause of action for violation of Labor Code section 2802 is similarly vulnerable to summary judgment because Mr. Reif does not dispute the underlying material facts and has not provided any evidence challenging the adequately of his monthly travel allowance.  Further, Mr. Reif's seventh, eighth and ninth causes of action for miscellaneous Labor Code violations based on his allegation that he was docked a floating holiday on January 1, 2013 is also without support.  Shamrock has confirmed that the floating holiday was not deducted and Mr. Reif has not offered any admissible evidence to the contrary.  Lastly, Mr. Reif has not offered in support of his fifth cause of action for intentional infliction of emotional distress any evidence that would either defeat Workers Compensation Act preemption or establish the requisite "extreme and outrageous conduct."

Mr. Reif's request that "in the event the court is inclined to grant Defendant's motion," he be granted additional discovery, in the form of Manufacturing Safety Data Sheets ("MSDS"), should be denied.  Opposition at 6.  He has not demonstrated how the MSDS support his claims and that he cannot obtain these documents outside of the discovery process.  Nor has he explained how the MSDS are essential to opposing the summary judgment motion, or offered any reasonable excuse for failing to obtain these documents before the close of discovery.  This request is patently spurious and should be denied.

## II.   LEGAL ARGUMENT

### A.   Summary Judgment Must Be Granted on Plaintiff's Second and Third Causes of Action under FMLA/CFRA

#### 1.   Mr. Reif Provides No Admissible Evidence Evidencing a Notice of Intent to Take FMLA-Qualifying Leave

In his Opposition memorandum, Mr. Reif contends that he provided "sufficient notice of his need to take FMLA leave" but cites no evidence to support such contention.  Opposition, p. 12.  In deposition, Mr. Reif stated that on February 26, 2013, he told his supervisor, Mr. Jenkins, that his daughter was just diagnosed

2

with muscular sclerosis and that he would take off the next day, February 27.  SUF, No. 13.  He testified that he followed up with Mr. Jenkins on February 27 and indicated he did not know whether he would need to take more time off.  Reif Depo (Ex. A), 200:15-23.   To the extent that his declaration offered in support of his Opposition directly contradicts his prior deposition testimony, that declaration should be disregarded.  *Cleveland v. Policy Management Systems Corp*, 526 U.S. 795, 806 (1999).

Plaintiff's claim that he "was never provided notice of his rights and responsibilities with regard to FMLA leave" is unsubstantiated.  Indeed, Mr. Reif admitted in deposition that he received upon hire Shamrock's associate handbook that contained a detailed FMLA/CFRA policy at pages 21 to 25.  Reif Depo (Ex. A), 49:08-16, 92:22-94:12, Exs. 3 and 7; Hergert Dec, ¶ 3. The FMLA/CFRA policy apprised Mr. Reif of his rights under the FMLA/CFRA and the procedural requirements for seeking family medical leave including contacting "Human Resources to obtain the necessary forms and to receive instructions and additional information." *Ibid.*  The policy also makes clear that an employee seeking family medical leave must provide a certification from a health care provider.  *Ibid.*  It is undisputed that Mr. Reif never contacted Human Resources to request information, nor did he return a medical certification seeking family medical leave.  SUF, No. 14.

In summary, Mr. Reif's purported comment to his manager about his daughter's condition and the desire to take a day off from work is not sufficient to constitute the requisite notice.  An employee must provide notice of a need for *FMLA-qualifying leave*; where leave is for a family member, the condition must render the family member *unable to perform daily activities*.  29 C.F.R. § 825.302(c).  Here, because Mr. Reif did not convey any information indicating that he needed to care for his daughter because she was unable to perform daily activities, he fails to establish this element of his *prima facie* case.

2.      It Remains Undisputed That Mr. Reif's Request for Time
Off Was Not a Negative Factor in the Termination
Decision

It is undisputed that the termination decision was made on February 25, 2013, the day before Mr. Reif allegedly requested time off.  SUF, No. 11.  In his Opposition Memo, Mr. Reif argues that the "evidence suggests that the decision was actually made the day after he gave notice," *i.e.*, February 27.  He bases this argument on the date (2/27/2013 at 7:46 a.m.) on a payroll report, which although inadmissible, does not even undermine the termination date since as a matter of common sense an employer would not calculate an employee's final pay until after making the decision to terminate.  Mr. Reif also argues that the termination decision must have been after February 26 because he did not learn of his termination until March 1.  Again, he fails to accept the sequence of events.  As demonstrated in Defendant's moving papers, Mr. Jenkins made the decision to terminate Mr. Reif's employment on February 25, 2013, after receiving by email Mr. Reif's sales report on that date showing that he was missing the mark.  Jenkins Dec, ¶ 7, Ex. B. The next day, the Human Resources Director Ms. Hergert completed the termination report and requested his final paycheck.  Hergert Dec, ¶6.  Mr. Jenkins continued to monitor Mr. Reif's performance during the remaining two days of the month and confirmed that Mr. Reif was not going to meet his sales goals by month's end. Jenkins Dec, ¶ 7.  Accordingly, Shamrock's managers requested that Mr. Reif meet with them on March 1 (which marked the conclusion of the PIP term) so that he could be informed of his termination and receive his final pay check.  There is nothing unusual about how these events transpired in the regular working world.

Similarly, Mr. Reif has not provided any admissible evidence that would undermine Shamrock's proffered reason for his termination, *i.e.*, poor sales performance.  It remains undisputed that Mr. Reif's sales revenue was significantly declining beginning in the fall of 2012 and that ultimately, he did not meet his reduced sales goals from his PIP.  SUF, Nos. 4, 11.  Mr. Reif acknowledges that his

4

sales performance was poor and offers nothing more than his subjective personal opinion of his performance, which is neither admissible nor compelling.  For instance, Mr. Reif opines that he lost two of his largest accounts "through no fault of my own" but provides no contextual support or explains how that is material to any issue.  Finally, he claims, without any evidentiary support, that "although Plaintiff's net sales number [s] were slightly below expectations, his profit margin was above expectations…".  Opposition, p. 16.  As such, this statement must be disregarded.

Accordingly, based on the timing of the termination decision and Mr. Reif's request for time off, Mr. Reif cannot prove that this request was a negative factor in the termination decision.  In addition, there is overwhelming evidence of Mr. Reif's poor sales performance for a period of months that support the termination decision.  Almost a month before his request for time off, Shamrock issued a PIP based on his significantly declining sales performance, which Mr. Reif does not dispute.  Mr. Reif also does not dispute that he did not meet his reduced sales goals set forth in the PIP, which led to his termination.  As a matter of law, Mr. Reif cannot prove his retaliation claims under the FMLA and CFRA, and thus summary judgment should be granted on both claims.

**B.      Summary Judgment Must Be Granted on Plaintiff's Fourth Cause of Action for Violation of Labor Code Section 1102.5(c)**

In his Opposition, Mr. Reif concedes that his Section 1102.5(c) claim cannot succeed because California Health and Safety Code section 114377 does not apply to Shamrock.  A Section 1102.5(c) claim requires the employee's refusal to participate in activity that would *actually violate the law*.  *Casissa v. First Rep. Bank*, No. C 09-4129 CW, 201 U.S. Dist. LEXIS 103206, at * 25 (N.D. Cal. July 24, 2012). Thus, summary adjudication of this issue is warranted.

Likewise, he cannot establish a Section 1102.5(c) based on him transporting cleaning products that he believed required a "hazmat" certification.  The claim is

5

1  wholly deficient because he has not shown any legal requirement to possess this

2  certification when transporting these cleaning products.  Reif Depo (Ex. A),

3  182:19-22.  Further, Plaintiff does not dispute that he never refused his supervisor's

4  instruction to deliver the cleaning product, which is similarly fatal to this claim.

5  Plaintiff's response to SUF, No. 20.

6       Mr. Reif also cannot prove a violation of Section 1102.5(c) based on his

7  communication with Thax Turner regarding floating holidays.  He has not provided

8  any evidence to support his claim that he "refused" to participate in violation of

9  Labor Code section 224.  Section 224 prohibits employers from withholding or

10  diverting any portion of an employee's wages except as authorized by law or

11  agreement.  It was not unlawful for Shamrock to deduct a floating holiday on a day

12  when employees were not working.  Floating holiday are not required by state or

13  federal law and the only restrictions placed on employers are with respect to vesting

14  of vacation, *i.e.*, payment of any accrued, unused floating vacation on termination.

15  *Owen v. Macy's Inc.*, 175 Cal.App.4th 462 (2009)(law does not require employers

16  to offer vacation); *Suastez v. Plastic Dress-Up Co*, 31 Cal.3d 774

17  (1982)(prohibiting forfeiture of vacation on termination); Letter of Labor

18  Commissioner dated October 4, 1989 (California Labor Commissioner takes the

19  position that floating holidays are subject to the same rules as apply to vacation).

20       Ultimately, however, Mr. Reif was not "docked" a floating holiday. When

21  Mr. Reif informed Thax Turner that he was working on January 1, Mr. Turner

22  confirmed by email that he would not be charged a floating holiday on that date.

23  Reif Depo (Ex. B), Ex. 29; Hergert Dec, ¶ 5.  Accordingly, Reif cannot establish

24  the requisite illegal activity.  Further, to the extent that Mr. Reif now asserts in his

25  declaration that he complained about "unlawful activity" during his conversation

26  with Mr. Turner, such declaration directly contradicts his prior verified discovery

27  response and thus it must be disregarded.  *See Multomah County v. ACandS, Inc.*, 5

28  F.3d 1255, 1264 (9th Cir. 1993)(affidavit contradicting prior interrogatory answers).

6

*See* Defendant's Objections to Evidence, item no. 9.

### C.   Summary Judgment Must Be Granted on Plaintiff's First Cause of Action for Wrongful Termination

In his Opposition, Mr. Reif does not claim that he made any complaint regarding any perceived entitlement to family medical leave.  This claim is predicated on his FMLA/CFRA claim, and thus to the extent that claim fails, so must this wrongful termination claim.

As for the remaining issues, Mr. Reif's wrongful termination claim is susceptible to summary judgment because he did not hold a reasonable belief that any of the activities of which he allegedly complained were unlawful.  As discussed, Mr. Reif has conceded that the Health and Safety Code provision regulating the sale of trans fat products does not apply to Shamrock.   Opposition, pp. 16-17.  Because he has otherwise failed to demonstrate why he believed it was unlawful for Shamrock to sell trans fat products, he could not hold a reasonable belief that Shamrock was violating the law.  *See Matthews v. Orion HealthCorp Inc.*, No. C-13-04378 EDL, 2014 U.S. Dist. LEXIS 120916 at *36 (N.D. Cal. Aug. 27, 2014).  Further, there is no causal link between Mr. Reif's termination and his February 11 communication regarding the trans fat margarine, as by that time he was already on a PIP, had been repeatedly counseled over his performance, and he was aware that his employment could be terminated for performance reasons.

Mr. Reif also contends that his alleged complaint regarding the transportation of cleaning products led to his termination.  He claims that transporting cleaning products required a "hazmat" certification based on his former employer telling him he could not transport anything "caustic and a chemical" including household products like Windex.  Reif Depo (Ex. A), 183:07-16.  His conclusion that this certification was required at Shamrock for transporting cleaning products is not reasonable or well founded.  Nevertheless, even if he engaged in protected activity, Mr. Reif has not provided any evidence with his Opposition suggesting a causal

7

1   link between his "complaint" and termination.

2          Similarly, Mr. Reif's request that he not be charged for a floating holiday on

3   a day when he was not working is not protected activity.  Significantly, he did not

4   complain of anything that could be considered an unlawful business practice.

5   Lastly, Mr. Reif claims that he engaged in protected activity when he asked to be

6   compensated for damage to his truck.  This alleged event goes beyond the four

7   corners of his discovery responses providing factual support for the wrongful

8   termination claim and thus it is not actionable.  Pl's response to interrogatory (Ex.

9   E), No. 2,

10                 **D.     Summary Judgment Must Be Granted on Plaintiff's Fifth**
                          **Cause of Action for Intentional Infliction of Emotional**
11                        **Distress**

12          In his Opposition, Mr. Reif cites, *Hentzel v. Singer Company*, 138

13   Cal.App.3d 290 (1982), to support his argument that his IIED claim is not

14   preempted by the Workers' Compensation Act ("WCA").  Since *Hentzel*, however,

15   the California Supreme Court in *Miklosy v. Regents of the Univ. of Cal.*, 44 Cal.4th

16   876, 902-902 (2008), has held that whistleblower retaliation does not fall within the

17   public policy exception to the WCA's exclusivity provision.  Accordingly, Mr.

18   Reif's IIED claim based on whistleblower retaliation is preempted.

19          Additionally, Mr. Reif argues that he has shown the requisite "extreme and

20   outrageous conduct" for an IIED claim.  However, he has not offered any evidence

21   in response that would create a genuine dispute on any supporting separate

22   statement of fact.  Thus, summary judgment is proper on this claim.

23                 **E.     Summary Judgment Must Be Granted on Plaintiff's Sixth**
                          **Cause of Action for Failure to Indemnify**
24

25          In his Opposition, Plaintiff misapplies the holding from *Morse v.*

26   *ServiceMaster Global Holdings, Inc.*, No. C10-00628 SI, 2011, 2011 U.S. Dist.

27   LEXIS 65769, at *9 (N.D. Cal. June 21, 2011).  Under the case law, the employee

28   may challenge the reimbursement payment "if the amount turns out to be less than

                                             8

1   the actual expenses…necessarily incurred." *Ibid.* However, Reif never challenged

2   that his $1,250 monthly allowance covered his actual travel expenses and in

3   discovery, he has confirmed that he has no information or documents to support his

4   failure to indemnify claim. *See* answer to Interrogatory No. 3, Set Two (Ex. F);

5   response to Request for Production No. 2, Set Two (Ex. G). Mr. Reif was seeking

6   reimbursement for his property damage and, critically to this legal issue, he never

7   expressed the belief that his travel allowance was inadequate to cover his

8   necessarily incurred expenses. Accordingly, summary judgement on this claim is

9   warranted.

10
        **F.    Summary Judgment Must Be Granted on Plaintiff's**
             **Seventh, Eighth and Ninth Causes of Action for Labor Code**

11
             **Violation Based on the Alleged Deduction of a Floating**
             **Holiday**

12

13   In his Opposition, Plaintiff provides no support for his claim that he was

14   docked one floating holiday on January 1 2013, when he was working. (Reif Depo

15   (Ex. A), 187:02-188:04). However, Shamrock's Human Resources Director

16   confirmed from Company time records that he was not deducted a floating holiday

17   on January 1, 2013 and Mr. Reif has not offered any admissible evidence to

18   contradict this fact. Hergert Dec, ¶ 5; Reif Depo (Ex A), Ex. 7 (pp. 38 to 40).

19
        **G.    Plaintiff's Request for Denial of Defendant's Motion, for the**
             **Purpose of Conducting Additional Discovery, Should Be**

20
             **Denied**

21   In his Opposition, Mr. Reif requests that the summary judgment motion be

22   denied "on the basis that additional discovery is necessary to oppose this motion."

23   Opposition, 22:24-28. He asserts that the additional discovery needed "includes the

24   MSDS for the chemicals he was asked to transport." *Ibid.* However, he provides

25   no explanation for what is contained in the "MSDS," why these documents are

26   material to this motion, and, significantly, why he has not previously pursued such

27   documents through discovery. Discovery closed over a month ago, on January 11,

28   2016, and Plaintiff had ample time to evaluate his claims and conduct necessary

9

1   discovery.  His only explanation for not pursuing these purported documents

2   through discovery was his attorney's "oversite" [sic].  Amezcua-Moll Declaration,

3   ¶ 6.  The Court should deny this request because Plaintiff has failed to (1) identify

4   any specific facts that he expects to uncover that will raise a genuine issue of

5   material fact relevant to his motion; and (2) show that he did not have ample

6   opportunity to conduct discovery.

7           1.      Plaintiff Has Not Identified Any Specific Information that
                    Is Essential to Opposing This Motion

8

9           Under Rule 56(d), if a non-moving party shows by an affidavit or declaration

10  that it cannot present facts essential to justify its opposition to a summary judgment

11  motion, the court may allow time to obtain affidavits or declarations or take

12  discovery where the non-moving party has not yet had the opportunity to discover

13  information that is essential to its opposition.  However, that unusual relief can be

14  granted only where the non-moving party can show "(l) [] specific facts that [it]

15  hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that

16  these sought-after facts are 'essential' to resist the summary judgment motion."

17  *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). See *Roberts v. McAfee,*

18  *Inc.*, 660 F .3d 1156, 1169 (9th Cir. 2011)  In making a Rule 56(d) motion, a party

19  "must make clear what information is sought and how it would preclude summary

20  judgment." *Margolis v. Ryan*, 140 F.3d 850,853 (9th Cir. 1989), quoting *Garrett v.*

21  *City of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

22          In her declaration, Plaintiff's counsel, Rosemary Amezcua-Moll, has not

23  satisfied any of the prongs identified above.  MSDS do not exist for all products,

24  and Plaintiff's counsel has not indicated that the MSDS in fact exist for the cleaning

25  products that Mr. Reif transported or that they are not available to the general

26  public outside of discovery.  Moreover, she has not established that the MSDS are

27  "essential" to opposing summary judgment.

28          The federal courts have held repeatedly that mere speculation or hope that

                                         10

relevant information may be developed is inadequate to justify postponement of a court's ruling on a motion for summary judgment. *Margolis*, supra, 140 F.3d at 853 (district court correctly denied motion for continuance for further discover where plaintiff's assertions appeared based on nothing more than "wild speculation"); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)(denial of a continuance is proper where evidence sought is the object of pure speculation).  For example, in *Castle v. Sepulveda*, 2013 U.S. Dist. LEXIS 43827 (N.D. Cal. 2013), the defendant filed a motion for summary judgment only five months after plaintiff was permitted to conduct discovery and the plaintiff filed a motion for a continuance to conduct further discovery. The court denied the continuance, holding that "[p]laintiff [did] not demonstrate 'how any additional discovery would [] reveal [] specific facts precluding summary judgment [] or how the sought-after facts are essential to oppose summary judgment." *Id.* at *3 (citations omitted).

Like the plaintiff in *Castle*, supra, Mr. Reif has not demonstrated how additional discovery would reveal specific facts precluding summary judgment. Instead, he merely speculates that the MSDS for the products that he transported may contain restrictions on their transportation.  Opposition, p. 17.  He has no reason to believe that the MSDS contain any such restrictions or that such restrictions would evidence specific legal requirements.  MSDS are developed by product manufacturers, not by any government agency.  Moreover, the MSDS can be independently obtained from the product manufacturers in the public domain and he has not explained what, if anything, he has done to search for the MSDS.  This type of fishing expedition is precisely what Rule 56(d) does not permit. *Yasin v. Coulter*, 2009 U.S. Dist. LEXIS 81709 at * 18 (E.D. Cal. 2009). Mere speculation or hope that further information may be developed is inadequate to postpone the court's ruling on a summary judgment motion.  *Ibid.*

2.   <u>Plaintiff Had Ample Time to Conduct Discovery</u>

The federal courts have also consistently held that a 56(d) motion for further

11

1   discovery is properly denied where the moving party has failed to diligently pursue

2   discovery. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d

3   1271, 1278 (9th Cir. 1990). Rule 56(d) is "not designated to give relief to those

4   who sleep upon their rights." Mr. Reif has ample time to conduct discovery

5   through the discovery cutoff and is simply engaging in a delay tactic in an attempt

6   to stave off summary judgment. *See Stitt v. Williams*, 919 F.2d 516, 526 (9th Cir.

7   2006)(denial of continuance upheld where opposing party had one month before

8   expiration of discovery stay and summary judgment hearing to take and review

9   depositions). Accordingly, this request for a denial of this motion should be denied.

10  **III.   CONCLUSION**

11       For the foregoing reasons, Defendant respectfully requests that the Court

12  grant summary judgment in its favor and against Plaintiff, or in the alternative,

13  partial summary judgment.

14  DATED: February 12, 2016                CONN MACIEL CAREY LLP

15

16                                  By:    /s/ Andrew J. Sommer

17                                         Andrew J. Sommer
                                           Kara M. Maciel
18                                         Attorneys for Defendant
                                           SHAMROCK FOODS COMPANY

19

20

21

22

23

24

25

26

27

28