---

Andrew J. Sommer, State Bar No. 192844
CONN MACIEL CAREY LLP
870 Market Street, Suite 1111
San Francisco, California 94102
Telephone: (415) 268-8881
Facsimile: (415) 268-8881
asommer@connmaciel.com

Kara M. Maciel, Admitted *Pro Hac Vice*
CONN MACIEL CAREY PLLC
5335 Wisconsin Avenue, NW
Suite 660
Washington, DC 20015
Telephone: (202) 909-2730
Facsimile: (202) 827-7904
kmaciel@connmaciel.com

Attorneys for Defendant,
SHAMROCK FOODS COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIF, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>SHAMROCK FOODS COMPANY, INC., an Arizona Corporation; and DOES 1 to 100, inclusive,<br><br>        Defendants. | CASE NO. 5:15-cv-00636 VAP-SP<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF IN OPPOSITION TO DEFENDANT SHAMROCK FOODS COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:        February 29, 2016<br>Time:       2:00 P.M.<br>Dept:        2<br>Judge:       Hon. Virginia A. Phillips<br><br>Removal Date: April 2, 2015<br>Trial Date:     April 19, 2016 |

Defendant Shamrock Foods Company ("Defendant" or "Shamrock") objects to the following purported evidence offered by Plaintiff Paul Reif.

## A. Declaration of Paul Reif

| ITEM NO. | PURPORTED EVIDENCE | OBJECTIONS |
|---|---|---|
| 1. | "I was re-hired by Defendant due to my skill sets and history of success for them. I experienced successes in my second round of employment with Defendant as evidenced by the reviews dated March 7, 2012 and September 27, 2012." Reif Dec, ¶ 2 (2:06-08). | Lacks foundation and improper opinion (Fed. R. Evid. 701). |
| 2. | "I had one of my largest accounts cancel at no fault of my own. Near that same time, another account had filed a lawsuit against Defendant also resulting in a lost account. Naturally, this had an impact on my sales numbers." Reif Dec, ¶ 3 (2:09-11). | Lacks foundation and improper opinion (Fed. R. Evid. 701), and lacks personal knowledge (Fed. R. Evid. 602). |
| 3. | "I began to voice concerns over some of Defendant's business practices, which I perceived to be unlawful. This included, but was not limited to… mandating that employees use vacation days on federal and state holidays." Reif Dec, ¶ 4 (2:13-18). | Vague, ambiguous, overbroad, and lacks foundation (Fed. R. Evid. 701). |
| 4. | "I knew that Mr. Kennedy had been told that the Defendant's transportation department would deliver the order to the customer because Mr. Kennedy was going to be out of town that Saturday." Reif Dec, ¶ 5 (2:21-24). | Lacks foundation (Fed. R. Evid. 701) and inadmissible hearsay (Fed.R Evid. 802). |
| 5. | "I acquired an estimate from German Auto and Collision for the repair for the damage to my truck. The estimate came in at $2,780.00." Reif Dec, ¶ 8 (3:09-11). | "Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through testimony. |
| 6. | "I provided the original estimate to Bob Savage through the company interoffice | Lacks foundation (Fed. R. Evid. 701) and lacks personal |

| | | |
|---|---|---|
| | mail. The estimate was picked up at the Palm Desert office and delivered to the Eastvale office for Bob Savage to arrange for reimbursing me for the damage to my vehicle." Reif Dec, ¶ 8 (3:11-15). | knowledge (Fed. R. Evid. 602). |
| 7. | "The email stated that all of Defendant's employees would be charged a vacation day for New Year's Day, January 1, 2013. I then emailed Mr. Turner regarding this "charging" of a vacation day. I told Mr. Turner that I had in fact worked on January 1, 2013, and that I shouldn't be charged for a vacation day when I actually worked." Reif Dec, ¶ 10 (3:18-23). | "Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through testimony. Further, this statement contradicts the content of the actual underlying email, in which Mr. Turner communicated that January 1 would be counted as a "Personal Floating Holiday." Reif Depo, Vol. 2 (Ex. B), Ex. 29. Reif responded, "What if we were working? I know I was seeing customers." Mr. Turner then replied, copying his administrative staff, "Don't charge Paul." *Ibid.* |
| 8. | "Mr. Turner responded to my email and wrote that I would not be charged for the vacation day because I worked." Reif Dec, ¶ 11 (3:24-25). | Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through testimony. Further, this statement contradicts the content of the actual underlying email, in which Mr. Turner communicated that January 1 would be counted as a "Personal Floating Holiday." Reif Depo, Vol 2 (Ex. B), Ex. 29. Reif responded, "What if we were working? I know I was seeing customers." Mr. |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE; CASE NO. 5:15-CV-00636-VAP-SP

| | | | |
|---|---|---|---|
| | | | Turner then replied, copying his administrative staff, "Don't charge Paul." *Ibid.* |
| | 9. | "I then called Mr. Turner and expressed my concern that I perceived it to be unlawful for Defendant to charge employees for a vacation day for days in which they actually worked –especially state and federal holidays."  Reif Dec, ¶ 11 (3:25-28). | This declaration excerpt directly contradicts, without explanation, Mr. Reif's prior verified discovery response, and thus this excerpt must be disregarded.  See *Multomah County v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993)(affidavit contradicting prior interrogatory answers). Specifically, in his interrogatory answers, Mr. Reif described under oath this conversation in an entirely different light:  "Plaintiff emailed and called Thax letting him know that Plaintiff had, in fact, worked January 1, 2013, and requesting that he not be charged for that day. Thax responded to the email saying that Shamrock wouldn't charge him for the day. Plaintiff then called Thax again and told him that he, Plaintiff, believed that the company could charge employees for a vacation day after the fact.  Thax Turner told Plaintiff not to worry…." Plaintiff's verified answer to Interrogatory No. 5, Set One (12:17-21)(Ex. E). |
| | 10. | "In December 2012, Plaintiff checked his vacation allotment on the company computer and found that he had at least 134 hours of vacation accrued.  Then, | Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through |

3

| | | |
|---|---|---|
| | after receiving Mr. Turner's email, Plaintiff checked his vacation hours on the company computer again and he had eight fewer vacation hours leading him to believe that Defendant had taken eight hours of vacation for the floating holiday on January 1, 2013 even though he worked that day. Also, when I received my final paycheck, I noticed that it was short by one vacation day." Reif Dec, ¶ 12 (4:01-07). | testimony. Also inadmissible hearsay (Fed.R Evid. 802). Also vague and ambiguous as to whether he is referring to vacation or floating holidays (which were separate paid benefits offered by Shamrock). |
| 11. | "These chemicals were hazardous and required someone who possesses a "hazmat certified" driver's license to transport them." Reif Dec, ¶ 13(4:09-10). | Lacks foundation and improper opinion (Fed. R. Evid. 701). Further, this statement directly contradicts, without explanation, Mr. Reif's prior deposition testimony that he never researched whether a "hazmat" certification was required to transport these types of products. Reif Depo. Vol. 1 (Ex. A), 182:19-22. Accordingly, this declaration excerpt should be disregarded. *Cleveland v. Policy Management Systems Corp.*, 526 US 795, 806 (1999). |
| 12. | "The next day, the delivery driver left the chemicals at the Defendant's Palm Desert office because the Department of Transportation had routed them there." Reif Dec, ¶ 13(4:11-12). | Lacks foundation (Fed. R. Evid. 701) and lacks personal knowledge (Fed. R. Evid. 602). |
| 13. | "I called Chris Jenkins ("Jenkins") the Northern Regional Manager, to voice my concern about my transporting the chemicals without the proper license… Jenkins simply told me: 'Get it done.'" Reif Dec, ¶ 14 (4:22-26). | This declaration excerpt directly contradicts Mr. Reif's prior deposition testimony in which he stated that he did not know with which of his three supervisors he had this conversation. |

| | | |
|---|---|---|
| | | Reif Depo, Vol 1 (Ex. A), 183:17-24. Further, this declaration excerpt contradicts Mr. Reif's prior deposition testimony in that he previously testified that he was not instructed to transport the cleaning products. Reif Depo, Vol 1 (Ex. A), 184:13-24. Accordingly, these declaration excerpts should be disregarded in this regard. |
| 14. | "In February 2013, I sent an email to Michelle Hendicks, one of Defendant's buyers, asking her to contact the supplier regarding some of the margarine that my customers were ordering."  Reif Dec, ¶ 15 (4:27-5:01). | "Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through testimony.  Also inadmissible hearsay (Fed.R Evid. 802). |
| 15. | "I made this request because the State of California requires that all margarine sold be "Trans-Fat Free" under California Health and Safety Code section 114377."  Reif Dec, ¶ 15 (5:01-03). | Lacks foundation (Fed. R. Evid. 701), and lacks personal knowledge (Fed. R. Evid. 602). |
| 16. | "When I emailed Hendricks about the margarine, I copied my superior, Bob Savage, into the email as well and stressed that Defendant's non-compliance with the law could result in fines to the company. Bob Savage responded that I was correct and that Defendant needed to look into the situation."  Reif Dec, ¶ 16 (5:05-08). | "Best Evidence Rule" (Fed. R. Evid 1002) since declarant seeks to prove the content of this writing through testimony.  Also inadmissible hearsay (Fed.R Evid. 802). |
| 17. | "However, regardless of Mr. Savage's understanding, I was later told by Thax Turner, Vice President of Sales (sic) to: 'stop making waves and just sell it.'"  Reif Dec, ¶ 16 (5:08-10). | This declaration excerpt directly contradicts, without explanation, Mr. Reif's prior deposition testimony without explanation, and thus it should be disregarded. Specifically, Mr. Reif |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE; CASE NO. 5:15-CV-00636-VAP-SP

| | | | |
|---|---|---|---|
| | | | testified under oath that he did not recall with whom he had this conversation, and whether that individual said anything about margarine. Reif Depo, Vol 1 (Ex. A), 165:21-168:19. Mr. Reif certainly did not testify that he was told to "stop making waves…." *Ibid*. |
| | 18. | "According to the national Multiple Sclerosis Society, 'Multiple Sclerosis ("MS") is an unpredictable, often disabling disease of the central nervous system that disrupts the flow of information within the brain, and between the brain and body.'" Reif Dec, ¶ 18 (5:15-18). | Lacks foundation (Fed. R. Evid. 701), and lacks personal knowledge (Fed. R. Evid. 602). |
| | 19. | "During this call, I also told Mr. Jenkins that I will need to take more time off of work because of my step-daughter's recent diagnosis and condition…I said that I needed to take off time to care for my stepdaughter and I wanted to know if I could do that under the FMLA." Reif Dec, ¶ 20 (5:23-28). | This declaration excerpt directly contradicts, without explanation, Mr. Reif's prior deposition testimony concerning this purported telephone conversation, and thus it should be disregarded. According to his prior deposition, Mr. Reif did not tell Mr. Jenkins that he needed to take off time "to care for" his stepdaughter, nor did he request time off under the "FMLA." Instead, he testified that he told Mr. Jenkins that "my daughter was just diagnosed with MS" and that "I didn't know enough about the disease and I didn't know what all it was going to entail. And that what, -- I asked him – I said, you know, "**I don't** |

| ITEM NO. | PURPORTED EVIDENCE | OBJECTIONS |
|---|---|---|
| | | **know if I have to use** – I'm going to have to use up my vacation time or I don't know enough about FMLA and how we have to go to do this." Reif Depo, Vol 1 (Ex. A), 196:04-197:02 (emphasis). Mr. Jenkins told him to take the day off and check with him the next day. *Ibid.* |
| 20. | "Nor did Shamrock provide me with notice of my rights, responsibilities or the need for medical certification." Reif Dec, ¶ 21 (6:02-04). | This declaration excerpt directly contradicts, without explanation, Mr. Reif's prior deposition testimony, and thus it should be disregarded. In deposition, Mr. Reif admitted that he received the employee handbook, which provided specific notice of his rights and responsibilities under the FMLA and CFRA. Reif Depo, Vol 1 (Ex. A), 49:08-16, Exs 3 and 7 (pages 21 to 25). |
| 21. | "Nonetheless, Defendant was fully aware of my daughter, her medical diagnosis, and the reality that I would take off to care for her. Reif Dec, ¶ 24 (6:21-22). | Vague and ambiguous. Lacks foundation (Fed. R. Evid. 701) and lacks personal knowledge (Fed. R. Evid. 602). |

**B.**     **Declaration of Rosemary Amezcua-Moll**

| ITEM NO. | PURPORTED EVIDENCE | OBJECTIONS |
|---|---|---|
| 22. | Exhibit A ("Vacation Computation"). | This document does not have any bates designation and thus it was not produced by Defendant in this litigation (which would have the prefix |

| | | |
|---|---|---|
| | | "SFC-R" and a bates number).  This document has not otherwise been authenticated by a witness who has personal knowledge that the document is what it purports to be.  Fed. R. Evid. 901; *Orr v. Bank of Am.*, 285 F.3d 764 at 778 (9th Cir. 2002). The document also is inadmissible hearsay.  Fed. R. Evid. 802. |
| 23. | Exhibit B ("Profit Percentages"). | This document does not have any bates designation and thus it was not produced by Defendant in this litigation (which would have the prefix "SFC-R" and a bates number).  This document has not otherwise been authenticated by a witness who has personal knowledge that the document is what it purports to be.  Fed. R. Evid. 901; *Orr, supra*, 285 F.3d at 778. The document also is inadmissible hearsay.  Fed. R. Evid. 802. |
| 24. | Exhibit C ("final paystub"). | This document does not have any bates designation and thus it was not produced by Defendant in this litigation (which would have the prefix "SFC-R" and a bates number).  This document has not otherwise been authenticated by a witness who has personal knowledge that the document is what it purports to be.  Fed. R. Evid. 901; *Orr, supra*, 285 F.3d at |

8

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE; CASE NO. 5:15-CV-00636-VAP-SP

| | | |
|---|---|---|
| | | 778. The document also is inadmissible hearsay. Fed. R. Evid. 802. |
| 25. | Exhibit D ("Performance Evaluation"). | This document was produced by Plaintiff (as evidenced by Plaintiff's "PR" bates designation). Defendant's production would have had the prefix "SFC-R" and a bates number. This document has not otherwise been authenticated by a witness who has personal knowledge that the document is what it purports to be. Fed. R. Evid. 901; *Orr, supra,* 285 F.3d at 778. The document also is inadmissible hearsay. Fed. R. Evid. 802. |

DATED: February 12, 2016          CONN MACIEL CAREY LLP


By:    /s/ Andrew J. Sommer
        Andrew J. Sommer
        Attorneys for Defendant
        SHAMROCK FOODS COMPANY